IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Curtis Price,                                    )    Case No. 8:13-cv-0700-RMG-JDA
                                                 )
            Petitioner,                          )
                                                 )
        v.                                       )    **REPORT AND RECOMMENDATION**
                                                 )    **OF MAGISTRATE JUDGE**
Warden McCormick Correctional Institution,)
                                                 )
            Respondent.                          )
_____)

This matter is before the Court on Respondent's motion for summary judgment.

[Doc. 12.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28

U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule

73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for

relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 11, 2013.[1]  [Doc. 1.]

On April 22, 2013, Respondent filed a motion for summary judgment and a return and

memorandum.  [Docs. 11, 12.]  On April 23, 2013, the Court filed an Order pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary

judgment procedure and of the possible consequences if he failed to adequately respond

to the motion.  [Doc. 13.]  On May 28, 2013, Petitioner filed a response in opposition [Doc.

15], and Respondent filed a reply on June 7, 2013 [Doc. 17].

_____

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on March 11, 2013 [Doc. 1-2 (envelope stamped on March 11, 2013).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections at McCormick Correctional Institution. [Doc. 1 at 1.] In December 2003, Petitioner was indicted for armed robbery and possession of a firearm during the commission of a crime. [App. 574.[2]] On July 21, 2004, represented by Ernest Hamilton ("Hamilton"), Petitioner proceeded to a jury trial. [App. 1–461.] Petitioner was found guilty of both charges. [App. 456.] On July 23, 2004, Petitioner was sentenced to thirty years imprisonment for the armed robbery charge and five years imprisonment for the possession of a weapon charge, with the sentences to run concurrently. [App. 246.]

**Direct Appeal**

Petitioner timely filed and served a notice of appeal. [Doc. 11-7.] On July 12, 2004, Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense filed an *Anders* brief[3] on Petitioner's behalf in the South Carolina Court of Appeals, as well as a petition to be relieved as counsel. [Doc. 11-8.] The brief raised the following issue: "Whether the trial court erred in refusing to direct a verdict of acquittal in appellant's favor where the evidence only created a suspicion of guilt?" [Doc. 11-8 at 4.] Petitioner did not file a pro se response. On February 8, 2007, the South Carolina Court of Appeals issued a per curiam

---

[2]The Appendix can be found at Docket Entry Numbers 11-1 through 11-6.

[3]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

2

opinion dismissing Petitioner's appeal and granting his appellate counsel's motion to be relieved.  [Doc. 11-10.]  Remittitur was issued on February 26, 2007.  [Doc. 11-11.]

**PCR Proceedings**

### *First PCR Proceeding*

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on November 29, 2007.  [App. 462–67.]  Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> 10a.) Constitutional violations
>
> 10b.) Prosecutorial misconduct
>
> 10c.) Ineffective assist of counsel(s)

[App. 464.]

On February 25-26, 2009, a hearing was held before the Honorable John Few on Petitioner's PCR application, at which Petitioner was represented by Caroline M. Horlbeck [App. 474–540.]  Petitioner and Hamilton testified at the hearing.  [*Id.*]  On November 13, 2009, the PCR court issued an order denying and dismissing Petitioner's application with prejudice.[4]  [App. 564–72.]

---

[4]At the evidentiary hearing, the Petitioner proceeded only on his ineffective assistance of counsel claim.  He alleged he received ineffective assistance because trial counsel:

1) Failed to move to suppress the admission of several exhibits;
2) Failed to object to Clapp's testimony;
3) Failed to object to several points in the State's closing argument; and
4) Failed to adequately prepare.

[App. 566.]

3

Petitioner timely filed and served a notice of appeal.  On July 22, 2010, Robert M. Pachak of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf in the South Carolina Supreme Court a *Johnson* petition[5] for writ of certiorari.  [Doc. 11-14.] The *Johnson* petition raised one issue: "whether defense counsel was ineffective in failing to object to the solicitor's closing argument that said a witness told a lie?"  [*Id*. at 3.]  On September 15, 2010, Petitioner filed a pro se response to the *Johnson* petition.  The South Carolina Supreme Court denied the petition and granted counsel's motion to withdraw on October 20, 2011 [Doc. 11-18], and remittitur was issued on November 8, 2011 [Doc. 11-19].

### Second PCR Proceeding

On February 20, 2012, Petitioner filed a second PCR application, proceeding pro se. [Doc. 11-20.] In his application, Petitioner alleged that the "trial court lost jurisdiction when judge constructively amended the indictment during the charge of the court." [*Id*. at 2.]  The State filed a return and motion to dismiss, arguing that the application should be summarily dismissed because it was barred by the statute of limitations as set forth in South Carolina Code Ann. § 17-27-45(a). [Doc. 11-21 at 3.] The Petitioner was convicted on July 23, 2004, and the South Carolina Court of Appeals dismissed his appeal on February 8, 2007.  [*Id*.] Petitioner was therefore required to file his PCR action by February 8, 2008, but filed the second PCR application on February 20, 2012. [*Id*.]  The State also posited that the second PCR application should be summarily dismissed because it was successive to the previous application and Petitioner did not give a sufficient reason why

---

[5] A *Johnson* petition is the PCR appeal analogue to an *Anders* brief.  *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

any new grounds for relief were not raised in previous applications. [*Id.* at 4.]   Finally, the State asserted that Petitioner's claim of lack of subject matter jurisdiction was without merit because (1) an indictment was not a jurisdictional document, and (2) the indictment sufficiently noticed Petitioner of the crimes with which he had been charged. [*Id*. at 5.]

On July 18, 2012, Judge G. Edward Welmaker issued a conditional order of dismissal of Petitioner's application, finding that the application should be summarily dismissed as barred by the statute of limitations and successive to the initial application. [Doc. 11-22 at 3–4.] Moreover, the court found that Petitioner's argument of lack of subject matter jurisdiction was without merit. [*Id.* at 5.] Petitioner was given twenty days from service of the order to show why the order should not become final. [*Id.*]   Petitioner filed a motion to amend his application to include claims of ineffective assistance of both trial and PCR counsel [Doc. 11-24], and an objection to the conditional order [Doc. 11-25].  The court found that Petitioner failed to give a sufficient reason as to why the conditional order should not become final, again holding that the statute of limitations barred the application and that the application was successive. [Doc. 11-26 at 3.] The court issued its final order of dismissal on September 23, 2012. [*Id.*]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on March 18, 2013, pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted substantially verbatim:

Ground One

The trial court lacked subject matter to convict due to a constructive amendment made during the charge of the court.

5

*Supporting facts*:    During the charge of the court the judge violated my right to due process where he did constructively amend the indictment to include an offense which the grand jury never indicted me of, his instruction was unconstitutional where he broadened the spectrum of what the jury was able to find me guilty of and where he specifically charged an element not in the bill of indictment hand[ed] down by the grand jury after reading the complete statutory code.

Ground Two

Ineffective assistance of trial counsel.

*Supporting facts*:    Trial counsel failed to object to supplemental jury instruction that allowed the jury to convict on a theory of prosecution not alleged in the indictment. The judge did enlarge the indictment by instructing the jury on a charge not in the indictment. Had counsel objected and a direct verdict been given I would not have been convicted of a crime I was not indicted for.

Ground Three

Procedural default.

*Supporting facts*:    The attorney appointed by the state was ineffective, I was denied fair process and the opportunity to comply with the State's procedures to obtain an adjudication on claim of ineffective assistance of trial counsel.

Ground Four

Constructive amendment–indictment was broadened after the grand jury return by trial judge.

*Supporting facts*:    During the charge of the court the judge did instruct the jury that I could be found guilty of a charge not alleged in the bill of indictment, pp. 447 line 7-10 of the trial transcript.

6

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
>
> > (A) citing to particular parts of materials in the record,
> > including depositions, documents, electronically stored
> > information, affidavits or declarations, stipulations

8

> (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's

9

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)     (I) there is an absence of available State corrective process; or
>
>          (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C.

Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.   S.C. R. Civ. P. 59(e).   Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.   *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[6]   Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.   For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.   S.C. App. Ct. R. 203(b)(2), (d)(1)(B).   A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.   S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.   *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).   Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he

_____

[6]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.   589 F.3d at 162–65.   Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows "(1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition."  *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562  (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred and that Petitioner has failed to establish he is entitled to equitable tolling.  [Doc. 11 at 21–26.]  Upon review, the Court

16

agrees with Respondent that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The South Carolina Court of Appeals dismissed Petitioner's direct appeal on February 8, 2007, [Doc. 11-10], and remittur issued on February 26, 2007 [Doc. 11-11.] Consequently, Petitioner had one year from February 26, 2007—when time expired for Petitioner to seek further direct review[7]—to file a federal habeas petition.  28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); *Holland*, 130 S. Ct. at 2558.

Petitioner filed his application for state post-conviction review on November 29, 2007 [App. 462–67], such that 276 days of the one-year limitations period had expired before Petitioner filed his PCR application.  The one-year period in which to file a federal habeas petition is tolled during the pendency of a properly filed PCR application, 28 U.S.C. § 2244(d)(2), and thus, the statute of limitations was tolled during the period the PCR application was pending—from November 29, 2007, until November 8, 2011, when the South Carolina Supreme Court issued remittitur in the appeal from the denial of Petitioner's

---

[7]Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Because the fifteen-day period for Petitioner to file a motion for rehearing in the South Carolina Court of Appeals expired on Friday, February 23, 2007, the judgment in Petitioner's case became final on Monday, February 26, 2007. S.C. App. Ct. R. 221(a), 242(c) (establishing that a decision of the South Carolina Court of Appeals is not final for purposes of petitioning the South Carolina Supreme Court for review until the petitioner has filed a motion for rehearing by the Court of Appeals, and such motion must be filed within fifteen days of the Court of Appeals' decision).

PCR application [Doc. 11-19]. Therefore, the one-year limitations period began to run again on November 9, 2011, and expired 86 days later on February 2, 2012.[8] As a result, the Petition—filed on March 18, 2013, more than a year after the expiration of the limitations period—is untimely.

The fact that Petitioner filed a second PCR application does not change this analysis as it did not toll the statute of limitations. On February 20, 2012, Petitioner filed a second PCR application, proceeding pro se. [Doc. 11-20.] In both its conditional and final order of dismissal of the second application, the state court found that Petitioner's second application was subject to summary dismissal because it was barred by the statute of limitations and improperly successive. [Docs. 11-22, 11-26.] On appeal from the final order, the South Carolina Supreme Court found that Petitioner "failed to show that there [was] an arguable basis for asserting that the determination by the lower court was improper" and dismissed the appeal. [Doc. 11-30.] The Supreme Court has considered the issue of whether a state postconviction petition, which is rejected by the state court as untimely, should be construed as "properly filed" such that it tolls the statute of limitations pursuant to the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The Court held that "when a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal quotations omitted). The Court found that time limits are filing conditions and therefore must be properly followed in order to toll the federal statute. *Id.* at 417. In *Pace*, like in the instant case, "[b]ecause the state court

---

[8] In their motion, Respondent calculated that Petitioner had 129 days remaining in his statutory period to file his motion for habeas corpus. While the court assumes this was merely a clerical error, even if Petitioner had 129 days left, until March 17, 2012, his Petition would still be untimely.

18

rejected petitioner's [PCR] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id.*

**Equitable Tolling**

Petitioner contends his PCR counsel was ineffective because PCR counsel failed to raise all grounds for relief and that he has exercised reasonable diligence "in the discovery of errors and violations in this case before the Court." [Doc. 15 at 3.] For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*

*v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[9]  The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client.  *Holland*, 130 S. Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from

---

[9]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

timely filing, the petitioner must demonstrate he has been diligently pursuing his rights. *Id.* at 2562.

Here, Petitioner has failed to make any cognizable argument that would entitle him to equitable tolling. Petitioner focuses on procedural default and attempts to state a claim under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), for ineffective assistance of PCR counsel. However, procedural default is not the issue before the Court – Petitioner must first demonstrate that his Petition was timely before the Court may even consider whether a procedural default occurred.

Petitioner make the following arguments as to the timeliness of this Petition:

> With respect to the issue of subject matter jurisdiction in may be raised at anytime. St. v. Brown 351 US 522, 570 SE2d 559
> Through due diligence I discovered the procedural default due to ineffective assistance of counsel, and promptly filed by 2nd P.C.R. application.
> The Supreme Court of the United States ruled that an attorney's errors on direct review may provide cause to excuse a procedural default, for if the attorney appointed by the State is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claim. See Martinez v. Ryan Director of Arizona D.O.C. No. 10-1001 March 20, 2012.

[Doc. 7-1 at 13.] Petitioner's first argument fails because state subject matter jurisdiction cannot be raised in a federal habeas action. *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). His second argument fails because the state court summarily found that his second PCR application was barred as untimely, which goes to the statute of limitations and not a procedural default. Finally, *Martinez* is inapplicable here because it has no bearing on the statute of limitations analysis, but can merely excuse a procedural default in an otherwise viable federal habeas claim. In short, Petitioner has put forth no argument or allegation that would demonstrate that he has pursued his rights diligently and that some

21

extraordinary circumstance stood in his way to prevent the timely filing of his habeas petition. Without more, the Court cannot conclude Petitioner has presented extraordinary circumstances justifying the application of equitable tolling.[10]    Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 10, 2014
Greenville, South Carolina

---

[10]The Court notes Petitioner's allegations fall far short of those presented by the petitioner in *Holland*. In that case, the Supreme Court summarized the allegations presented by Holland, the petitioner, concerning the failures of his attorney, Collins, as follows:

> Collins[, who was appointed to represent Holland in all state and federal post-conviction proceedings,] failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Holland*, 130 S. Ct. at 2564; *see id.* at 2555–59 (detailing Holland's state and federal collateral proceedings and his communication, or attempts to communicate, with Collins). Here, in contrast, it was up to Petitioner to timely file his federal habeas petition. Further, Petitioner has not alleged that counsel failed to communicate with him or that counsel failed to timely inform Petitioner of the denial of his petition for writ of certiorari. In short, Petitioner's allegations fail to demonstrate the sort of circumstances and diligence the Supreme Court suggested might warrant equitable tolling of the limitations period. *See id.* at 2565