IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Price, | ) | |
| | ) | No. 8:13-cv-700-RMG |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden McCormick Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

## Background

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Respondent's motion for summary judgment be granted. (Dkt. No. 21). As set forth below, the Court agrees with and wholly adopts the R&R as the order of the Court.

## Background

Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was automatically referred to a United States Magistrate Judge for pretrial handling. Respondent then filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 12). Petitioner then filed a response in opposition to the motion, (Dkt. No. 15), and Respondent filed a reply, (Dkt. No. 17). The Magistrate Judge then issued the present R&R. (Dkt. No. 21). Petitioner then filed objections to the R&R. (Dkt. No. 23).

## Discussion

After careful review of the record, the R&R, and Petitioner's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore

1

agrees with and wholly adopts the R&R as the order of the Court. As found by the Magistrate Judge, this Petition is properly dismissed pursuant to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

Petitioner's objections are unavailing. First, Petitioner asserts that he is actually innocent and was wrongfully convicted. However, Petitioner provides no factual basis or evidence for this argument, only a conclusory statement. This is plainly insufficient to establish actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

Petitioner next objects to the rejection of his subject matter jurisdiction argument because he asserts a trial court's lack of subject matter jurisdiction can be raised at any time. The Magistrate Judge properly rejected this argument.

> While a federal court is obligated to raise questions concerning its own subject matter jurisdiction *sua sponte* in all cases, this principle does not extend to *sua sponte* examination of a state court's subject matter jurisdiction by a federal court. Whether a state court has subject matter jurisdiction over an offense is a question of state law. Thus, this court does not review determinations of state law made by South Carolina courts. [Petitioner] argues the state court lacked subject matter jurisdiction in an attempt to avoid the time limitations of the AEDPA. However, since there is no exception under the AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA, the court finds that [Petitioner's] habeas petition is untimely and must be dismissed.

*Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007) (internal citations and quotations omitted).

Next, Petitioner asserts that the Magistrate Judge's recommendation that his claim is barred by AEDPA's statute of limitations conflicts with the Supreme Court's holding in

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012). This is not correct. "In *Martinez*, the Supreme Court held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a *procedural default* upon a showing that counsel in the initial-review collateral proceeding was ineffective in failing to raise a claim that should have been raised below." *Jones v. Cartledge*, No. 1:13-cv-720-DCN, 2013 WL 6780568, at *7 (D.S.C. Dec. 19, 2013) (emphasis added). Here, the issue is not procedural default, but the timely filing of the petition under AEDPA's statute of limitations. "*Martinez* has no applicability to cases barred by [AEDPA's statute of limitations]." *Couch v. Woodson*, No. 2:13cv146, 2013 WL 5933543, at *2 (E.D. Va. Nov. 5, 2013) (citing *Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *6 (E.D. Pa. Feb. 13, 2013); *Wieland v. Thompson*, No. 3:10-cv-00059-MA, 2012 WL 5036820, at *7 (D. Or. Oct. 17, 2012); *Yow v. Thaler*, No. 3:10-CV-0005-K, 2012 WL 2795850, at *2 (N.D. Tex. June 20, 2012)).

## Conclusion

For the reasons set forth above, the Court agrees with and wholly adopts the R&R as the order of the Court. (Dkt. No. 21). Accordingly, the Court GRANTS Respondent's motion for summary judgment. (Dkt. No. 12).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any

3

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 31, 2014
Charleston, South Carolina